Dear Mr. Burton:
This office is in receipt of your request for an opinion of the Attorney General in regard to the disqualification of a potential election commissioner. You ask whether an otherwise potential election commissioner can be disqualified under Title 18, Election Code, by the Board of Election Supervisors due to a physical limitation which may impact the individual's ability to perform the varied duties of the office?
We find that R.S. 18:423 provides for the creation of a board of election supervisors for each parish; R.S. 18:424 establishes that there shall be one commissioner-in-charge at every precinct; and R.S. 18:425
sets forth the number of commissioners at each precinct varying with population.
While you do not set forth the physical limitation which could impact the individual's ability to perform the duties as an election commissioner, we do not find any statutory provision which would permit a disqualification for an individual otherwise qualified in accordance with the provisions of R.S. 18:432(4). Therein it is provided that the parish board of election supervisors shall prepare a list containing the names of all persons "to whom certificates of instruction have been issued during the term of office of the clerk of court who issued the certificate."
In regard to qualifications, we note that R.S. 18:425, Commissioners, provides in Section (B), Qualifications and classifications, as follows:
 (1) A qualified voter who is not entitled to assistance in voting and is not a candidate in the election may be selected as a commissioner in any precinct of the ward where he is registered to vote, except pursuant to R.S. 18:434(B) and (D) in which case he may be selected as a commissioner in any precinct of the parish where he is registered to vote.
 (2)(a) No person shall be selected as a commissioner in a precinct in which a member of his immediate family is a candidate for election to public office.
 (b) No person who has been convicted of an election offense enumerated in Chapter 10 of this Title shall serve as a commissioner.
 (3) A person shall not serve as a commissioner, except pursuant to R.S. 18:434(D), unless he has attended a course of instruction for commissioners, has received a certificate of instruction during the term of office of the clerk who conducted the school, and has provided his correct party affiliation to the clerk. A commissioner who has received this certificate shall be classified as a certified commissioner. A commissioner selected pursuant to R.S. 18:434(D), who has not been issued such a certificate, shall be classified as an uncertified commissioner.
Accordingly, it would appear that unless the physical limitation is such that he cannot vote without assistance or is unable to attend the course of instruction so as to receive a certificate, the individual does not appear to be disqualified as a potential election commissioner. R.S. 18:434 then sets forth the procedure for selection for the required number of commissioners by a random drawing.
However, we find that R.S. 18:434(F) sets forth the provisions for "Removal for cause", and provides therein that any commissioner selected under this statute "may be removed for cause by the parish board of elections supervisors at any time after his selection and before the closing of the polls on election day."
In this regard we note that in Atty. Gen. Op. 82-906 this office observed that commissioners are mandated to conduct primary and general elections at each polling place, to enforce the election laws and to maintain order at the polling place during the election and the counting and tabulation of votes; and stated that commissioners perform a vital service on election day. At that time while there was no specific provision for removal of commissioners, it was reasoned it was unlikely the Legislature deliberately intended to leave the Board without a proper remedy in those instances where a commissioner will not or cannot fulfill the duties of his office. It was then concluded "under the general power of the Board of Supervisors of Elections to `supervise the preparation for and the conduct of all elections held in the Parish,' the Board is entitled to remove any of the regular commissioners for cause."
Consistent with this opinion we believe removal for cause under R.S.18:434(F) would have to include an inability to perform the duties, and it would therefore be reasonable to exclude placing the name of such person in the names for random selection. However, the inability to perform the duties of the office must be without question, which would be a factual determination which this office does not render.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr